## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

JOSE GRANADOS
1704 Westchester Drive
Silver Spring, MD 20902

JUAN FRANCISCO MARTINEZ
5914 Cherrywood Terrace, Apt. 101
Greenbelt, MD 20770

DIMAS GONZALEZ
8611 Piney Branch Road
Silver Spring, MD 20901

        Plaintiffs,

v.                                                            Case No. _____

NIGEL PARKINSON
3039 44th Street NW
Washington, DC 20016

        Defendant.

## **COMPLAINT**

### **Introduction**

1.      Defendant fired Plaintiffs when they pursued their right to overtime wages under the

FLSA. He gave Plaintiffs a choice: drop your claims or find another job. When Plaintiffs refused

to yield, Defendant fired them.

2.      Plaintiffs bring this action to recover damages for Defendant's willful and malicious

violations of the anti-retaliation provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this

district.

**Parties**

5.      Jose Granados is an adult resident of Montgomery County, Maryland.

6.      Juan Francisco Martinez is an adult resident of Frederick County, Virginia.

7.      Dimas Gonzalez is an adult resident of Montgomery County, Maryland.

8.      Defendant Nigel Parkinson is an adult resident of the District of Columbia. Mr. Parkinson

resides at 3039 44th Street NW, Washington, DC 20016.

**General Factual Allegations**

9.      Plaintiffs were employed by Parkinson Construction Company, Inc. ("Parkinson

Construction")

10.     Defendant is the founder, owner, president, and resident agent of Parkinson Construction.

11.     Defendant exercises unfettered control over the hiring and firing of individuals at

Parkinson Construction.

12.     On April 27, 2015, a number of current and former employees of Parkinson Construction

Company, Inc. filed a lawsuit in the United States District Court for the District of Columbia

against Parkinson Construction. This case bears the case number 1:15-cv-00633 ("the Overtime

Lawsuit").

13.     In the Overtime Lawsuit, 11 current and former employees alleged that Parkinson Construction willfully failed to pay them overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("WHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("WPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

14.     Of the 11 employees of Parkinson Construction Company that are participants in the Overtime Lawsuit, the 3 Plaintiffs to this case were the only employees who were employed by Parkinson Construction when they became parties to the Overtime Lawsuit.

15.     Defendant, as resident agent for Parkinson Construction, was personally served with the Overtime Lawsuit on May 4, 2015 at 9:20 p.m.

16.     After Defendant became aware of the Overtime Lawsuit, he personally fired, or personally directed a subordinate to fire, the 3 Plaintiffs in this case.

17.     Defendant fired the 3 Plaintiffs in this case in retaliation for their participation in the Overtime Lawsuit.

18.     Remarkably, Defendant and/or his subordinates specifically cited the Overtime Lawsuit as their sole reason for firing the 3 Plaintiffs in this case.

**Factual Allegations Specific to Plaintiff Jose Granados**

19.     Plaintiff Jose Granados was employed by Parkinson Construction as a construction laborer.

3

20.     Jose Granados began his employment with Parkinson Construction in approximately January 2013.

21.     On April 27, 2015, Jose Granados became a party to the Overtime Lawsuit.

22.     Defendant became aware of the Overtime Lawsuit on May 4, 2015 at 9:20 p.m.

23.     On the morning of May 5, 2015, Defendant drove to Jose Grandos' worksite and convened a meeting of the workers, including Jose Granados.

24.     At this meeting, Defendant used a translator, Tito Salazar, to convey a message to the workers, including Jose Granados. Defendant directed Mr. Salazar to translate the following (exact quote):

> "You hired a lawyer to sue the company and you can't work here
> anymore. If you don't drop the lawsuit you can't work here. I wasn't you to
> transmit to everyone that if they are involved, Nigel does not want them onsite."

25.     Following this meeting, on the afternoon of Mary 5, 2015, Mr. Parkinson personally fired Jose Granados when Mr. Granados refused to agree to dismiss the Overtime Lawsuit.

26.     At the time of his retaliatory discharge, Mr. Granados earned approximately $20 per hour and worked approximately 50 hours per week. After his discharge, he was unemployed for 2 weeks before he obtained other employment. Since then, he has earned approximately $10 per hour for approximately 20–40 hours per week.

27.     As of the date of this filing, Mr. Granados has lost approximately $10,000 in income as a direct result of his retaliatory discharge.

28.     As a result of his retaliatory discharge, Mr. Granados is likely to see a sustained reduction in his income until he achieves comparable tenure with his new employer.

**Factual Allegations Specific to Plaintiff Juan Francisco Martinez**

29.     Plaintiff Juan Francisco Martinez was employed by Parkinson Construction as a construction laborer.

30.     Juan Francisco Martinez began his employment with Parkinson Construction in 2010.

31.     On April 27, 2015, Juan Francisco Martinez became a party to the Overtime Lawsuit.

32.     Defendant became aware of the Overtime Lawsuit on May 4, 2015 at 9:20 p.m.

33.     On the morning of May 5, 2015, Defendant drove to Juan Francisco Martinez' worksite and convened a meeting of the workers, including Juan Francisco Martinez.

34.     At this meeting, Defendant used a translator, Tito Salazar, to convey a message to the workers, including Juan Martinez. Defendant directed Mr. Salazar to translate the following (exact quote):

> "You hired a lawyer to sue the company and you can't work here anymore. If you don't drop the lawsuit you can't work here. I wasn't you to transmit to everyone that if they are involved, Nigel does not want them onsite."

35.     After this meeting, Juan Martinez was fired for refusing to dismiss this lawsuit.

36.     At the time of his retaliatory discharge, Mr. Martinez earned approximately $20 per hour and worked approximately 50 hours per week. After his discharge, he was unemployed for 2

weeks before he obtained other employment. Since then, he has earned approximately $16 per hour for approximately 40 hours per week.

37.     As of the date of this filing, Mr. Martinez has lost approximately $8,000 in income as a direct result of his retaliatory discharge.

38.     As a result of his retaliatory discharge, Mr. Martinez is likely to see a sustained reduction in his income until he achieves comparable tenure with his new employer.

**Factual Allegations Specific to Plaintiff Dimas Gonzalez**

39.     Plaintiff Dimas Gonzalez was employed by Parkinson Construction as a construction laborer.

40.     Dimas Gonzalez began his employment with Parkinson Construction in approximately August 2014.

41.     On July 28, 2015, Dimas Gonzalez became a party to the Overtime Lawsuit. He was added as a plaintiff in the Second Amended Complaint filed in that case.

42.     After Dimas Gonzalez became a plaintiff in the Overtime Lawsuit, Defendant personally directed a manager at Parkinson Construction, "Saeed" (spelling unknown), to threaten Dimas Gonzalez with a retaliatory discharge.

43.     On September 14, 2015, at approximately 11:00 a.m., "Saeed" summoned Dimas Gonzales to a meeting.

44.     Three people were present at this meeting: "Saeed," Dimas Gonzalez, and a translator named Heidi Rivera.

45.     At this meeting, Saeed directed Heidi Rivera to tell the plaintiff (exact quote):

"So that means you are fighting against us…and you want us to employ you at the same time? You know its…unless you take the case back, we will bring you back into the company, all the money that's owed to you from Pittsburgh, we are going to pay you, that's what we told you guys from the beginning, it's your fault…"

"Tell him, honestly though, that Mr. Parkinson does not want him to be working here. And if he agrees with us right now, maybe we can go tell him and maybe we can change his mind and then we can keep working with him."

46.     Heidi Rivera then translated these remarks into the Spanish equivalent of:

"If you withdraw the lawsuit we can get your pay and return you to work."

47.     Immediately after this meeting, Dimas Gonzalez was fired for refusing to dismiss this lawsuit.

48.     At the time of his retaliatory discharge, Mr. Gonzalez earned approximately $14 per hour and worked approximately 50 hours per week. After his discharge, he was unemployed for 2 weeks before he obtained other employment. Since then, he has earned approximately $14 per hour for approximately 30–40 hours per week.

49.     As of the date of this filing, Mr. Gonzalez has lost approximately $8,000 in income as a direct result of his retaliatory discharge.

50.     As a result of his retaliatory discharge, Mr. Gonzalez is likely to see a sustained reduction in his income until he achieves comparable tenure with his new employer.

**COUNT I**
**RETALIATION IN VIOLATION OF THE FLSA**
**(29 U.S.C. § 201 et seq.)**

51.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

52.     The FLSA forbids an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding…" 29 U.S.C. § 215(a)(3).

53.     Defendant fired Plaintiffs because they "instituted [a] proceeding under or related to the [FLSA]."

54.     Specifically, Defendant fired Plaintiffs because of their participation in the Overtime Lawsuit.

55.     Defendant knew it was unlawful to fire Plaintiffs for their participation in the Overtime Lawsuit.

56.     Defendant's actions were malicious; he intended to cause the Plaintiffs financial hardship.

57.     For his knowing and willful violations of the FLSA's anti-retaliation provisions, Defendant is liable to Plaintiffs for lost wages (both back pay and front pay), an equal amount as

8

liquidated damages, punitive damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against the Defendant, on all counts, and grant the following relief:

a.      Award Plaintiffs **$416,000.00** in damages consisting of the following overlapping elements:

      i.      $56,000.00 in compensatory damages, consisting of back pay ($28,000.00), and an equal amount in liquidated damages ($28,000.00);

      ii.     $60,000.00 in compensatory damages, consisting of estimated front pay ($30,000.00), and an equal amount in liquidated damages ($30,000.00);

      iii.    $300,000.00 in punitive damages, consisting of $100,000.00 for each willful and malicious firing orchestrated by Defendant in retaliation for Plaintiffs' Overtime Lawsuit;

b.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

c.      Award Plaintiffs reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.      Award Plaintiffs court costs; and

e.      Award any additional relief the Court deems just.

## **JURY TRIAL DEMAND**

Plaintiffs hereby request a jury trial as to all issues so triable.


Date: 10/06/2015                    Respectfully submitted,

                                    /s/ Justin Zelikovitz, Esq.
                                    Justin Zelikovitz, #986001
                                    LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                    519 H Street NW
                                    Washington, DC 20001
                                    Phone: (202) 803-6083
                                    Fax: (202) 683-6102
                                    justin@dcwagelaw.com

                                    *Counsel for Plaintiffs*